FILED

MAY 16 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,   )
                            )
       Plaintiff,           )
                            )
v.                          )   **4:19CR00395 RLW/JMB**
                            )
BRYAN G. VONDERAHE,         )
                            )
       Defendant.           )

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNTS 1 - 3
### WIRE FRAUD

A.  INTRODUCTION

At all times relevant to the Indictment:

1.      The Boyd Group is a business which operates a number of inter-related entities that sell waterbeds and mattresses, and also own a number of real estate properties. The inter-related entities include Royal Waterbeds, d/b/a The Bedroom Store; Boyd Flotation, d/b/a Boyd Sleep; Accent Furniture; and, Boyd Properties, Inc. The Boyd Group and its inter-related entities are located in the St. Louis, Missouri metropolitan area.

2.      The defendant, **BRYAN G. VONDERAHE** (hereinafter referred to as "**VONDERAHE**"), was The Boyd Group's Controller and Chief Financial Officer, beginning his employment during 2007. **VONDERAHE** was responsible for overseeing The Boyd Group's financial and accounting activities and operations, preparing the company's financial reports for the company's outside audit firm and its lending banks; and, maintaining the

company's internal accounting and financial records. **VONDERAHE** was an authorized signatory on all of The Boyd Group's checking accounts, including specifically the Boyd Properties, Inc. checking account.

3. Vonderahe's annual salary as Controller and Chief Financial Officer was approximately $90,000, plus additional bonuses.

B. SCHEME TO DEFRAUD

4. Beginning on or about January 1, 2012 and continuing through on or about January 31, 2019, both dates being approximate and inclusive, in the Eastern District of Missouri and elsewhere, defendant,

**BRIAN VONDERAHE,**

devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from The Boyd Group in an approximate amount of $3,800,000, by means of materially false and fraudulent pretenses, representations, and promises.

5. It was a part of the scheme that, on one and more occasions, during and between 2012 and 2019, defendant **VONDERAHE**, without the knowledge and authority of The Boyd Group ownership, issued checks to himself written on the Boyd Properties, Inc. checking account. Defendant **VONDERAHE** signed those checks on behalf of Boyd Properties, Inc., and deposited those funds into his own personal checking account at Commerce Bank, Clayton, Missouri, account number 31691XXXX.

6. As part of his scheme, defendant **VONDERAHE** issued approximately 500 Boyd Properties, Inc. checks to himself, without the authority and knowledge of The Boyd Group ownership, depositing each of those checks into his own personal checking account. Defendant then used those unauthorized funds for his own personal use, unrelated to the business of The

Boyd Group, including to pay for a lavish lifestyle; to pay for travel for himself and his family to locations such as Florida, Colorado, and Las Vegas, Nevada; to make payments on his personal residential mortgage; to pay for gambling and related activities; and to pay for other personal day to day living expenses.

7.     It was a further part of the scheme that, on one and more occasions, defendant **VONDERAHE** falsely stated and represented to other employees of The Boyd Group that the unauthorized checks written to himself from the Boyd Properties, Inc. checking account were to repay himself for taxes he had purportedly paid on behalf of the company.   Further, defendant **VONDERAHE** made one and more false entries in the internal books and records of The Boyd Group in order to conceal his fraud scheme and his unauthorized issuance of Boyd Properties, Inc. checks to himself.   As a further part of his scheme, and to conceal his scheme, defendant **VONDERAHE** created one and more false financial statements and reports which were then provided to The Boyd Group's outside audit firm and to one and more banks with lending relationships with The Boyd Group.

8.     As part of the scheme, and as a direct result of his false and fraudulent conduct and representations, defendant **VONDERAHE** obtained approximately $3,800,000 from The Boyd Group, without that company's knowledge or authority, which funds were deposited by defendant into defendant's personal checking account at Commerce Bank, and which defendant was not legitimately entitled to.   These funds were used by defendant for personal expenses unrelated to the legitimate business of The Boyd Group.

C. THE WIRES

### COUNT ONE

9.     ·   On or about May 26, 2014, within the Eastern District of Missouri and elsewhere,

for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, and representations, the defendant,

### BRIAN VONDERAHE,

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including a point of sale withdrawal of $2,000, transmitted via the internet through the Global Cash Access System, located at the Casino Queen casino, located in East St. Louis, Illinois, which resulted in funds totaling $2,061.95 being withdrawn from defendant's personal Commerce Bank checking account, number 31691XXXX, located in Clayton, Missouri.   Defendant used the withdrawn funds for his own personal use unrelated to the legitimate business of The Boyd Group.

In violation of Title 18, United States Code, Section 1343.

### COUNT TWO

10. On or about December 28, 2017, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, and representations, the defendant,

### BRIAN VONERAHE,

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including a payment for defendant's personal residential mortgage in the amount of $2,696.62, which funds originated from defendant's Commerce Bank checking account, number 31691XXXX, located in Clayton, Missouri, and which funds were transmitted via the internet to Roundpoint Mortgage Servicing Corporation through its payment processing center located in Ashburn, Virginia.

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

11. On or about January 11, 2018, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, and representations, the defendant,

**BRIAN VONDERAHE,**

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including a payment for defendant's personal use in the amount of $912.83, which funds originated from defendant's Commerce Bank checking account, number 31691XXXX, located in Clayton, Missouri, and which funds were transmitted via the internet to the Breckenridge, Colorado Ski School at Beaver Run Resort, Colorado.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts 1 through 3, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to said violation.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

3. Specific property subject to forfeiture includes, but is not limited to, the

following:

    a. 2011 GMC Acadia Denali, VIN: 1GKKVTED8BJ340988;

    b. 2013 Land Rover, Range Rover Sport, VIN: SALSK2D45DA810700;

    c. Real Property known as 1943 Windy Hill Road, St Louis, MO 63122; and,

    d. Real Property known as 12539 Chardin Place, Unit 3, St. Louis, MO 63138

4.   If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                A TRUE BILL.


                                        FOREPERSON

JEFFREY B. JENSEN  
United States Attorney


HAL GOLDSMITH, #32984MO  
Assistant United States Attorney